IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EDWARD VAN HOUTEN,

      Plaintiff,

                                    CIVIL ACTION
  vs.                        No. 10-3105-SAC

(FNU) BAIR, et al.,

      Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Larned Correctional Mental Health Facility, Larned, Kansas, alleges he has not received appropriate treatment for mental health issues despite spending over seven months in long term segregation.

Plaintiff is subject to the provisions of 28 U.S.C. §1915(g) and therefore, he may not proceed in forma pauperis unless he is in "imminent danger of serious physical injury". Because petitioner asserts that he has "cut [his] flesh over 150 times...and [facility staff] refuse to stitch it or give ... treatment or evaluation", the court has granted provisional leave to proceed in forma pauperis and will direct a response to

allow the court to properly evaluate the plaintiff's claims.

Plaintiff has filed a motion to present evidence[1] and request injunction motion (Doc. 6) and a motion for transfer (Doc. 7). In both motions, he requests a transfer to the El Dorado Correctional Facility. The court denies this requests.

A prisoner has no constitutionally protected interest in a particular custody classification or housing assignment. *Meachum v. Fano*, 427 U.S. 215, 228 (1976)("Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.") Neither plaintiff's preference for incarceration in another facility nor his unsupported allegation that he will be subject to retaliatory conduct in the absence of a transfer warrants such relief. *See Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1991)("[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice....").

---

[1] Plaintiff's motion to present evidence states only that he mailed copies of grievances to demonstrate his exhaustion of administrative remedies. The court finds this statement does not require a ruling.

2

IT IS, THEREFORE, BY THE COURT ORDERED that:

(1) The clerk of the court shall prepare waiver of service forms for the defendants pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. Answers or responses to the complaint, including the report required herein, shall be filed no later than sixty (60) days from the date of this order.

(2) Officials responsible for the operation of the Larned Mental Health Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). Statements of all

witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(4) Authorization is granted to the officials of the Larned Mental Health Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(5) No answer or motion addressed to the complaint shall be filed until the report requested herein has been prepared.

(6) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* report ordered herein. Upon the filing of that report, the Department of Corrections may move for termination from this action.

IT IS FURTHER ORDERED plaintiff's motion to present evidence and request injunction (Doc. 6) and motion for transfer (Doc. 7) are denied.

Copies of this order shall be transmitted to plaintiff, to defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 8th day of December, 2010.

                                          S/ Sam A. Crow
                                          SAM A. CROW
                                          United States Senior District Judge