IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES EDWARD VAN HOUTEN,

                    Plaintiff,

                                        CIVIL ACTION
          vs.                           No. 10-3105-SAC

(FNU) BAIR, et al.,

                    Defendants.


MEMORANDUM AND ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner in state custody.  The matter comes before the court on the motion of defendants Rohling and Werholtz to dismiss (Doc. (37) on July 21, 2011.  Plaintiff filed a response.

**Background**

Plaintiff was transferred to the Larned Correctional Mental Health Facility on or about October 20, 2009.  He claims he has not been provided with appropriate treatment and evaluation for his mental health issues since that transfer and alleges that he instead has been in segregation since that time.

**Defendants' motion to dismiss**

"In reviewing a motion to dismiss, this court must look for

plausibility in the complaint....Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Next, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In considering the motion to dismiss, the court accepts plaintiff's well-pleaded facts and the reasonable inferences from them in a light most favorable to plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). However, the court need not accept conclusory allegations without factual support. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The Eighth Amendment requires prison officials to provide adequate health care to inmates. *Estelle v. Gamble,* 429 U.S. 97, 103 (1976). "[M]edical treatment for inmates' ... psychological or psychiatric care" is included in this obligation. *Ramos v. Lamm,* 639 F.2d 559, 574 (10th Cir.1980) (internal quotations and citations omitted).

A prisoner's claim under the Eighth Amendment alleging

inadequate medical care involves both an objective and a subjective component.  The objective component requires that a prisoner have a serious medical need, that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Ramos,* 639 F.2d at 575 (quotation and citation omitted).  The subjective component "is met if a prison official "'knows of and disregards an excessive risk to inmate health or safety'".  *Sealock v. Colo.,* 218 F.3d 1205, 1209 (10th Cir. 2000)(quoting *Farmer*, 511 U.S. at 837).

A prisoner's disagreement with a course of treatment offered does not give rise to a constitutional violation.  *Ramos,* 639 F.2d at 575 ("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment"); *Perkins v. Kansas Dep't of Corr.,* 165 F.3d 803, 811 (10th Cir.1999)(disagreements with the treatment provided by prison medical staff do not in themselves establish deliberate indifference).

The court has carefully considered the *Martinez* report, plaintiff's objection to that report, the motion to dismiss, and the plaintiff's response.  After conducting this review, the court is persuaded that plaintiff cannot state a claim for relief

based upon a failure to provide him with constitutionally adequate medical care for his mental health concerns.

The materials before the court demonstrate that plaintiff has been provided with services by contracting medical care personnel throughout the relevant time period.  It appears plaintiff on some occasions chose not to interact with mental health providers, *see, e.g.,* Doc. 35, Ex. 3, Bair Affidavit (par. 3.A, O, P, R, T), and it is clear that he continued to engage in self-destructive behaviors such as cutting himself and reopening wounds, *see id.,* (par. A, D, E, F).  He also attempted suicide on at least one occasion during the relevant time period, which resulted in hospitalization outside the facility, *id*. at par. M. Finally, he has engaged in behaviors that are abusive to staff members, including spitting and throwing urine.  *Id*. at par. F and K.

The record shows that plaintiff made numerous requests for individual therapy, and while this was attempted, *see id.,* par. 5 and Ex. 3, Nassif Affidavit, par. 5, it could not be sustained due to plaintiff's behavior.  However, the materials offered to the court do demonstrate ongoing staff contact with plaintiff. The precautions taken, such as standing outside plaintiff's cell to speak with him, *see* Ex. 3, par. 4) are eminently reasonable in light of plaintiff's conduct as shown in the record.

Finally, there is no support for plaintiff's assertion that his serious injuries went untreated; rather, it appears his wounds were examined and treated, *see* Ex. 6, entry of 12/17/09, although plaintiff sometimes refused to allow personnel to evaluate his wounds.  In some instances, staff applied restraints in order to assess his wounds, *see, e.g.*, Ex. 8, pp. 7-24 (narrative reports of 12/21/09).

In sum, nothing before the court reasonably suggests that plaintiff was denied adequate medical care.  To the contrary, it appears plaintiff has been provided considerable, and commendably thorough, medical attention and monitoring despite his lack of cooperation.  While plaintiff did not always receive the course of treatment he sought or preferred, this does not present a claim for relief.

Accordingly, having examined the record, the court concludes the motion of defendants Werholtz and Rohling should be granted and concludes this matter should be dismissed for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, BY THE COURT ORDERED the motion to dismiss (Doc. 37) is granted.

IT IS FURTHER ORDERED this matter is dismissed for failure to state a claim upon which relief may be granted.

Copies of this order shall be transmitted to the parties.

5

**IT IS SO ORDERED**.

Dated at Topeka, Kansas, this 20th day of September, 2011.


S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge